Nicholas Strozza, Assistant United States Trustee
State Bar #CA 117234
Cameron M. Gulden, Trial Attorney
State Bar #MN 310931
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
300 Booth Street, Room 3009
Reno, NV  89509
Telephone: (775) 784-5335
Fax: (775) 784-5531
E-mail: *cameron.m.gulden@usdoj.gov*

Attorneys for the United States Trustee for Region 17
TRACY HOPE DAVIS

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re:<br><br>AIRWIRE TECHNOLOGIES,<br><br>Debtor. | Case No: 21-50314-mkn<br><br>Chapter 11<br><br>Date:   January 12, 2022<br>Time:  9:30 a.m.<br>Place: Via Teleconference |
|---|---|

**MOTION OF THE UNITED STATES TRUSTEE UNDER 11 U.S.C.
§ 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE
<u>1017(f) AND 9014 TO DISMISS OR CONVERT CHAPTER 11 CASE</u>**

Tracy Hope Davis, United States Trustee for Region 17 ("United States Trustee"), by and through her undersigned counsel, hereby files this *Motion of the United States Trustee Under 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014 to Dismiss or Convert Chapter 11 Case*.[1]

"Cause" exists to dismiss this chapter 11 case or convert it to chapter 7 for three separate and independent reasons.  First, Debtor has suffered a substantial or continuing loss to or

---

[1] Hereafter, all references to "section" in the motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated.  All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

diminution of the estate, and there is an absence of a reasonable likelihood of rehabilitation. Second, the Debtor has not filed two monthly operating reports. And third, Debtor has not paid United States Trustee quarterly fees since it filed its case (for the second or third quarters of 2021). For these reasons, the United States Trustee has established cause to dismiss or convert this case under section 1112(b).

The Motion is based upon the entire record in this case, the following memorandum of points and authorities, and the Declaration of United States Trustee Bankruptcy Analyst, Kristine Kinne ("Kinne Declaration").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND FACTS AND PROCEDURAL POSTURE

1. On April 24, 2021, Debtor Airwire Technologies ("Debtor") filed a voluntary chapter 11 bankruptcy petition. The petition was signed by Debtor's president, Debashis Bagchi. ECF No. 1.[2]

2. No Official Committee of Unsecured Creditors or Chapter 11 trustee has been appointed by the United States Trustee in this case due to a lack of interest. *See* ECF Docket generally.

3. Debtor's Schedule A/B reflects one Bank of America checking account with a balance of $10.73. ECF No. 13. Schedule A/B also lists $728,811.30 in "employee advances,"

---

[2] The United States Trustee requests that the Court take judicial notice of Debtor's petition, schedules, Statement of Financial Affairs, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case under Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017. The information contained in these documents, signed under penalty of perjury by Debtor's principal, are admissions of Debtor under Fed. R. Evid. 801(d). "ECF No. ____" refers to documents filed on the bankruptcy docket for case number 21-50314.

which, at the 341 meeting of creditors, Mr. Bagchi described as loans made to employees from mid-2016 to 2019 in lieu of salary, with no taxes taken out from the advances.

4. Debtor's Schedule D lists six individuals or entities with liens on "all assets of debtor." *Id*. These claims total $5,061,065. An additional secured claim of $381,516 is listed as disputed and states "Security interest not perfected." *Id*.

5. Debtor's Schedule E/F lists $3,532,590.97 in priority unsecured claims and $5,708,828.30 in nonpriority unsecured claims, with total unsecured claims totaling $9,241,419.27. *Id.*

6. Debtor's Statement of Financial Affairs reflects that the Debtor had no revenue during its fiscal year. *Id.*, Question 1.

7. Debtor did not file its July monthly operating report ("MOR"), nor has it filed its October MOR. *See* ECF Docket *generally*.

8. According to Debtor's September 2021 MOR, it had $11 in cash. ECF No. 36. The bank statements attached show balances of -$24.63, -$27.20, and $2.66, respectively. *Id*.

9. In addition, Debtor has not paid fees required under 28 U.S.C. § 1930(a)(6) since the inception of its case. *See* Kinne Declaration. Quarterly Fees totaling $501.04 are thus past due for the second and third quarters of 2021.

**II.    JURISDICTION AND VENUE**

10. The Bankruptcy Court has jurisdiction over this bankruptcy case under 28 U.S.C. §§ 1334(a), 1334, and 157(b).

11. The United States Trustee brings this motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

12. The United States Trustee has standing to prosecute this motion under 11 U.S.C. §§ 307 and 1112 along with Fed. R. Bankr. P. 1017 and 9014.

13. Venue of this case and the contested matter presented by the motion are proper in this district under 28 U.S.C. §§ 1408 and 1409.

### III. ARGUMENT

14. 11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

15. Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities)*, 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) aff'd, 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for conversion or dismissal under § 1112(b). *Id.*

16. As movant, the United States Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). Where reorganization or rehabilitation is unrealistic or futile, a chapter 11 case may be converted or dismissed even at its outset. *Johnston v. Jem Dev. Co. (In re Johnston)*, 149 B.R. 158, 162 (B.A.P. 9th Cir. 1992). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether conversion or dismissal is in the best interests of creditors and the estate; and (2) identify whether

there are unusual circumstances that establish that conversion or dismissal is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

**A.    Cause exists under 11 U.S.C. § 1112(b)(4)(A) because Debtor has suffered a substantial or continuing loss to or diminution of the estate, and there is an absence of a reasonable likelihood of rehabilitation.**

17.    Cause exists to dismiss this case under section 1112(b)(4)(A), which provides that a case shall be dismissed or converted for "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." As the movant under § 1112(b)(4)(A), the United States Trustee is required to demonstrate both 1) a substantial or continuing loss to or diminution of the estate; and 2) the absence of a reasonable likelihood of rehabilitation. *Hassen Imports P'ship v. City of West Covina (In re Hassen Imports P'ship)*, 2013 LEXIS 3870, *37 (B.A.P. 9th Cir. Aug. 19, 2013).

18.    As to the first prong of the test, "[t]he loss may be substantial or continuing. It need not be both in order to constitute cause under § 1112(b)(4)(A)." *Hassen Imports P'ship*, 2013 LEXIS 3870 at *38 (citations omitted). In order to make the determination required by the first prong of the statutory test, "the bankruptcy court must look beyond financial statements and fully evaluate the present condition of a debtor's estate." *Id.* For instance, the court may consider "dwindling liquidity or illiquidity resulting from unpaid post-petition debts" as well as continuing losses or maintaining a negative cash flow following the bankruptcy filing. *Id.* at *13. *See also Wide W. Services, LLC*, LEXIS 3822 at *6-7 (Bankr. E.D. Cal. September 12, 2013).

19.    In this case, the Debtor has (at most) $11 and no revenue but has secured claims exceeding $5 million and unsecured claims exceeding $9 million. ECF No. 13. As such, it has no funds to pay administrative claims or other creditors. Thus, Debtor's loss and diminution of the estate is substantial and is cause for dismissal under section 1112(b)(4)(A).

-5-

20. In order to satisfy the second prong of section 1112(b)(4)(A):

> …a movant must demonstrate that the debtor does not have a reasonable likelihood of rehabilitation. As used in § 1112(b)(4)(A), "rehabilitation does not necessarily denote reorganization, which could involve liquidation. Instead, rehabilitation signifies something more, with it being described as 'to put back in good condition; re-establish on a firm, sound basis.' " … "'Rehabilitation' is a different and ... much more demanding standard than 'reorganization.' " … If " 'the debtor, or some other party, will be able to stem the debtor's losses and place the debtor's enterprise back on a solid financial footing within a reasonable amount of time,' " then the debtor may have a reasonable likelihood of rehabilitation. … "The purpose of § 1112(b)(1) is to 'preserve estate assets by preventing the debtor in possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation.'"

*In re Creekside Sr. Apartments, L.P.*, 489 B.R. 51, 61 (B.A.P. 6th Cir. 2013) (internal citations omitted). "The issue of rehabilitation for purposes of Section 1112(b)(4)(A) is not the technical one of whether the debtor can confirm a plan, but, rather, whether the debtor's business prospects justify continuance of the reorganization effort." *In re TMT Procurement Corporation*, 534 B.R. 912, 920 (Bankr. S.D. Tex. 2015) (quoting *In re LG Motors, Inc.*, 422 B.R. 110, 116 (Bankr. N.D. Ill. 2009)).

21. With respect to the second prong, there is an absence of a reasonable likelihood of rehabilitation because neither Debtor's Statement of Financial Affairs nor its MORs reflect any income whatsoever. *See* ECF Docket *generally*. Although Debtor's motions to extend exclusivity — once in August and once in October — generally reference "a potential new investor," ECF Nos. 23 and 37, no motion to approve financing has been filed in the more than seven months since the case began. Rather, as noted by a secured creditor (owed $3,418,341) in its objection to Debtor's second motion to extend exclusivity, "Despite Airwire's post-petition breathing spell, nothing has changed with Airwire's financial situation or economic prospects.

The reality facing Airwire is that it is a company with zero sales, no operations, no cash, no profit or net income, and substantial losses." ECF No. 41.

22.  Since both prongs of the statutory test set forth in 11 U.S.C. § 1112(b)(4)(A) have been established, cause exists to either dismiss Debtor's case outright or to convert Debtor's case to a case under chapter 7 of the Bankruptcy Code.  The "Unusual Circumstances" exception, discussed *infra*, does not apply when relief is sought under Section 1112(b)(4)(A).  *See* 11 U.S.C. § 1112(b)(2)(B).

**B.  Additional cause exists under 11 U.S.C. § 1112(b)(4)(F) because Debtor has failed to file monthly operating reports.**

23.  "Cause," as used in section 1112(b)(1), is defined in pertinent portions of section 1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes—
>
> . . .
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> . . .

11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).

24.  Here, it is undisputed that Debtor has failed to file its July and October MORs. *See* ECF Docket *generally*.  *See* Kinne Declaration *and* ECF Docket *generally*.  These MORs are required by applicable United States Trustee Guidelines, as well as the Bankruptcy Code and Rules.[3]  As other Courts have held, monthly reports and the financial disclosures contained in

---

[3] The applicable United States Trustee Guidelines ("Guidelines") provide that each chapter 11 Debtor "shall file with the court and contemporaneously serve on the United States Trustee a report for every calendar month or portion thereof during which the case is pending." *See* Region 17: United States Trustee Guidelines, available at https://www.justice.gov/ust-regions-r17/chapter-11-lv.  The Guidelines also require debtors to file each operating report "on or before

them "are the life blood of the chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC),* 505 B.R. 289, 303 (S.D. Cal. 2014) (citation omitted). *See also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

25. Even if Debtor were to now file its past due MORs, Debtor's delay in filing would itself constitute cause to dismiss or convert this case under section 1112(b).[4] Cause, as defined in section 1112(b), includes the "unexcused failure to satisfy *timely* any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F) (emphasis added). *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to dismiss or convert under Section 1112(b) where debtor filed multiple MORs "in a single batch, weeks or months late")).

26. Accordingly, additional cause exists to dismiss or convert case under section 1112(b)(4)(F).

C. **Additional cause exists under 11 U.S.C. § 1112(b)(4)(K) because Debtor has failed to pay quarterly fees.**

27. The United States Trustee is authorized by law to collect a mandatory quarterly fee from every debtor who files a chapter 11 bankruptcy case. *See* 28 U.S.C. § 1930(a)(6); *Sanders v. United States Trustee (In re Sanders),* 2013 Bankr. LEXIS 4681 at *27 (B.A.P. 9th Cir. April 11, 2013) *citing Tighe v. Celebrity Home Entm't, Inc. (In re Home Entm't, Inc.)*, 210

---

the 20th day of the month immediately following the month described in the report." *Id. See also In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("The UST is charged with supervising the administration of chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the UST has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill."). In addition, FRBP 2015(a)(2) and (3) require the filing of periodic reports as the United States Trustee requires.

[4] Given Debtor's failure to file all required operating reports, the United States Trustee reserves her rights to supplement her motion in the event that Debtor tardily files reports that support cause for conversion or dismissal under section 1112(b)(4)(A).

-8-

F.3d 995, 998 (9th Cir. 2000).  Quarterly fees are calculated based on the amount of disbursements made by a debtor during each quarter that the case is pending.  If a chapter 11 debtor makes no disbursements during any quarter, the minimum fee that must be paid is $250 for that quarter.  *See* 28 U.S.C. §1930(a)(6), Fed. R. Bankr. P. 2015(a)(5), and LR 2015.

28. "Cause" under 11 U.S.C. §1112(b)(4)(K) states that a case shall be dismissed or converted if a debtor has failed to pay any fees or charges required under 28 U.S.C. § 123.  The United States Trustee's quarterly fees are included in this section.  *In re Sanders*, 2013 Bankr. LEXIS 4681 at *15-16.

29. Debtor has failed to pay quarterly fees since it filed its case (for the second and third quarters of 2021), resulting in a quarterly fee delinquency of $501.04.[5]  *See* Kinne Declaration.  Accordingly, additional cause exists to dismiss or convert case under section 1112(b)(4)(F).

**D.   Once cause is established, Debtor has the burden of establishing all elements of the statutory defenses available under 11 U.S.C. § 1112(b)(2).**

30. Once "cause" is established, the burden then shifts to the debtor to demonstrate that § 1112(b)(2) precludes relief under section 1112(b)(1).  *See (In re Sanders),* 2013 Bankr. LEXIS 4681 at *18-19.  The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate."  *See* 11 U.S.C. § 1112(b)(1).  For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is

---

[5] Because Debtor failed to file two MORs, the quarterly fees due in this case cannot be calculated accurately.  Debtor's monthly disbursements are required for this calculation and are part of the information set forth in MORs.  *See* Kinne Declaration.  The United States Trustee therefore reserves her rights to supplement her motion based on cause under section 1112(b)(4)(K).

not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the debtor bears the burden of proving that unusual circumstances are present in the case that render dismissal or conversion not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

31. In addition to establishing unusual circumstances, a debtor or other respondents seeking to avoid conversion or dismissal must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B). Section 1112(b)(2) provides:

> . . . *and* the debtor or any other party in interest establishes that–
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
> (I) for which there exists a reasonable justification for the act or omission; *and*
> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

32. Importantly, Debtor must establish each of the statutory elements set forth under section 1112(b)(2) because the statute is written in the conjunctive. *In re Om Shivai, Inc*. 447 B.R. 459, 465 (Bankr. D.S.C. 2011); *Landmark Atlantic Hess Farm, LLC*, 448 B.R. 707, 717 (Bankr. D. Md. 2011).

33. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the motion. In addition, Debtor must demonstrate that the relief requested in the motion is not predicated upon section 1112(b)(4)(A), which it is in part.

34. Dismissal of the above-captioned case appears to be the appropriate remedy because the Debtor's schedules do not reflect any non-exempt assets that could be liquidated to pay creditors. ECF No. 13. *See Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)) (identifying 10 factors courts have used to determine whether dismissal or conversion is in the best interests of creditors and the estate under section 1112(b)(1)).

35. In the alternative, the United States Trustee does not object to the Court converting the case if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the estate.

## IV.    CONCLUSION

WHEREFORE, the United States Trustee requests that the Court enter an order (a) granting the motion; (b) dismissing this case, or in the alternative, converting the case, if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the estate; and (c) granting such other relief as is just under the circumstances.

Date: December 14, 2021               Respectfully Submitted,

                                      TRACY HOPE DAVIS
                                      UNITED STATES TRUSTEE

                           By:        /s/ Cameron M. Gulden
                                      Cameron M. Gulden
                                      Attorney for the United States Trustee

## CERTIFICATE OF SERVICE

I, ROBBIN LITTLE, under penalty of perjury declare: That declarant is, and was when the herein described service took place, a citizen of the United States, over 18 years of age, and not a party to nor interested in, the within action; that on December 14, 2021, I caused a copy of the foregoing **MOTION OF THE UNITED STATES TRUSTEE, UNDER 11 U.S.C. § 1112(b), AND FEDERAL RULES OF BANRUPTCY PROCEDURE 1017(f) AND 9014, TO DISMISS OR CONVERT CHAPTER 11 CASE** to be served on the following parties:

☑   a. ECF System (attach Notice of Electronic Filing or list of persons and addresses):

- **AMERICAN EXPRESS NATIONAL BANK**   bknotices@zwickerpc.com
- **EDGAR CARRANZA**   ecarranza@backuslaw.com, psherretts@backuslaw.com;rec@backuslaw.com
- **STEPHEN R HARRIS**   steve@harrislawreno.com, hannah@harrislawreno.com;norma@harrislawreno.com
- **NATHAN G. KANUTE**   nkanute@swlaw.com, mfull@swlaw.com;jmath@swlaw.com;docket_las@swlaw.com;sdugan@swlaw.com;ljtaylor@swlaw.com
- **U.S. TRUSTEE - RN - 11**   USTPRegion17.RE.ECF@usdoj.gov

☑   b. U.S. Mail, postage fully prepaid (via BNC):

FNT CORPORATION
5428 PHILLIPA DRIVE
RENO, NV 89511

ROHDE & SCHWARZ USA, INC.
C/O BARBARA BUNTING
6821 BENJAMIN FRANKLIN DR
COLUMBIA, MD 21046

I declare under penalty of perjury that the foregoing is true and correct.

Signed: December 14, 2021

*/s/ Robbin Little*
Robbin Little